UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SAMUEL VAUGHN,

    Plaintiff,

v.

JAMES C. LEAR, *et al.*,

    Defendants.

CAUSE NO. 3:19-CV-1152-DRL-MGG

## OPINION AND ORDER

Samuel Vaughn, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Vaughn alleges that, on July 11, 2019, during an interview with Detective James Lear, Mr. Vaughn denied committing a crime or shooting a gun and informed the detective that another individual committed the crime. A gun has been entered into evidence in Mr. Vaughn's state criminal case, but it does not have his fingerprints or DNA on it. Detective Lear declined to conduct a gun residue test on Mr. Vaughn's person. Nevertheless, Detective Lear placed Mr. Vaughn under arrest.

Mr. Vaughn asserts a wrongful arrest claim against Detective Lear. The Fourth Amendment protects individuals from unreasonable seizures. However, "[i]t is well settled that the actual existence of probable cause to arrest precludes a § 1983 suit for false arrest." *Morfin v. City of E. Chicago*, 349 F.3d 989, 997 (7th Cir. 2003). "Police officers have probable cause to arrest when the totality of the facts and circumstances within their knowledge at the time of the arrest would warrant a reasonable person in believing the person has committed a crime." *Hart v. Mannina*, 798 F.3d 578, 587 (7th Cir. 2015). Probable cause is "not a high bar." *Kaley v. United States*, 571 U.S. 320, 338 (2014). It "does not require an actual showing of criminal activity, or even that the existence of criminal activity is more likely true than not." *United States v. Howard*, 883 F.3d 703, 707 (7th Cir. 2018) (quotations omitted).

In the complaint, Mr. Vaughn does not describe his criminal charges or the evidence used to support his arrest, nor does he attach the probable cause affidavit submitted to the state court. Consequently, the allegations are too vague to state a plausible wrongful arrest claim, and Mr. Vaughn may not proceed on this claim against Detective Lear.

Mr. Vaughn also names Judge Thomas Aleviso and Prosecutor Aly Price as defendants. He alleges that, at a bond hearing, on October 18, 2019, Judge Aleviso said, "Why would I put [Mr. Vaughn] on work release? So he can get out and pimp some more girls?" He further alleges that Prosecutor Price refuses to dismiss the charges even though he has committed no crime and that she is coaching witnesses. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Further, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act

maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Because Judge Aleviso and Prosecutor Aly are immune from Mr. Vaughn's claims, he may not proceed against them.

Mr. Vaughn further seeks money damages, his release from jail, and the dismissal of his criminal charges. The doctrine of abstention prohibits federal courts from staying or enjoining pending state court proceedings except under special circumstances. *Younger v. Harris*, 401 U.S. 37, 43 (1971). This means that "federal courts must abstain from enjoining or otherwise interfering in ongoing state court proceedings that are (1) judicial in nature, (2) involve important state interests, and (3) provide an adequate opportunity to raise the federal claims, as long as (4) no exceptional circumstances exist that would make abstention inappropriate." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007). Because ordering the dismissal of Mr. Vaughn's state criminal case would interfere with an ongoing state court proceeding, he cannot obtain such relief in federal court. *See Neville v. Cavanagh*, 611 F.2d 673, 676 (7th Cir. 1979); *Barrett v. Scott*, 2016 WL 3661103, at \*2 (C.D. Ill. July 5, 2016). Additionally, Mr. Vaughn may not seek his release from jail in this case because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

Though the complaint does not state a claim upon which relief can be granted, the court will give Mr. Vaughn the opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, merely because he is permitted to file an amended complaint is not a reason for him to do so. Mr. Vaughn should file an amended complaint only if he believes that he has a meritorious federal claim.

For these reasons, the court:

(1) GRANTS Samuel Vaughn until <u>February 17, 2020</u> to file an amended complaint; and

(2) CAUTIONS Samuel Vaughn that, if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim upon which relief can be granted.

SO ORDERED.

January 14, 2020

*s/ Damon R. Leichty*
Judge, United States District Court