UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SAMUEL VAUGHN,

    Plaintiff,

v.                                    CAUSE NO. 3:19-CV-1152-DRL-MGG

JAMES C. LEAR *et al.*,

    Defendants.

## OPINION & ORDER

Samuel Vaughn, a prisoner without a lawyer, filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the initial complaint, Mr. Vaughn asserted claims against Detective Lear, Prosecutor Price, and Judge Aleviso in connection with his arrest and prosecution in the LaPorte Circuit Court. In a screening order, the court found that the initial complaint did not state a valid claim but granted Mr. Vaughn leave to file an amended complaint. In response, Mr. Vaughn has amended his complaint and now seeks to proceed against his accuser on a claim of defamation. Under Indiana law, for a claim of defamation, "a plaintiff must prove four elements: (1) a communication with defamatory imputation, (2) malice, (3) publication, and (4) damages." *Hamilton v. Prewett*, 860 N.E.2d 1234, 1243 (Ind. Ct. App.

2007). "Both a public figure and a private individual bringing a defamation action over a matter of public or general concern must prove by clear and convincing evidence that the defendant made the alleged defamatory statement with actual malice." *Shine v. Loomis*, 836 N.E.2d 952, 958 (Ind. Ct. App. 2005). Significantly, Mr. Vaughn does not describe the allegedly false communication or the context in which it was made. As a result, the court cannot reasonably infer that the accuser's report to the police was either defamatory or malicious. Because Mr. Vaughn has not stated a claim upon which relief can be granted, he may not proceed on this complaint.

Additionally, it is not clear that the court has subject matter jurisdiction over Mr. Vaughn's claim. *See Buethe v. Britt Airlines, Inc.*, 749 F.2d 1235, 1238 (7th Cir. 1984) ("[I]t is axiomatic that subject matter jurisdiction cannot be waived, and that courts must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking."). "It is well established that the burden of establishing proper federal subject-matter jurisdiction rests on the party asserting it—here, the plaintiff." *Muscarello v. Ogle Cty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010). As a federal district court, this court has subject matter jurisdiction over claims arising under federal law or for claims where there is diversity of citizenship between the parties. 28 U.S.C. § 1331; 28 U.S.C. § 1332. In the amended complaint, Mr. Vaughn asserts only a claim of defamation, which arises under state law, and offers no suggestions of a diversity of citizenship between the parties. Consequently, Mr. Vaughn has not established that the court has subject matter jurisdiction over his claim, and he may not proceed with this case.

Nevertheless, the court will grant Mr. Vaughn one final opportunity to file an amended complaint. However, he should file an amended complaint only if he believes that he can address the deficiencies set forth in this order. If he chooses to file an amended complaint, he should obtain the court's approved form from the jail law library, and he must put the case number of this case on it, which is on the first page of this order.

For these reasons, the court:

(1) GRANTS Samuel Vaughn until May 14, 2020 to file an amended complaint; and

(2) CAUTIONS Samuel Vaughn that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED.

April 15, 2020

*s/ Damon R. Leichty*
Judge, United States District Court